FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRANETECH USA INC, a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW LAROSE, an individual, and JOSEPH ROBINSON, an individual,<br><br>Defendants. | No. 2:26-cv-00063-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS<br><br>**ECF No. 23** |

Before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims. ECF. No. 23. The Court has considered the briefing, reviewed the record, and is fully informed. For the following reasons, the Court grants the motion.

**BACKGROUND**

Defendants allege that in 2021, Plaintiff acquired the company Professional Crane Inspection where Defendant LaRose was employed. ECF No. 16 at 12. In connection with the acquisition, Plaintiff hired and entered into an Employment

Agreement with Defendant LaRose in January 2022. *Id.* Plaintiff hired and entered into an Employment Agreement with Defendant Robinson in November 2024. *Id.* at 14.

Each Employment Agreement contained a non-solicitation agreement that included a non-disparagement provision. *Id.* at 14-15. Defendants' non-solicitation agreements were largely identical except for the period that the agreement applied following termination. The non-solicitation agreements state in relevant part:

> [F]ollowing the termination of Employee's employment with the Company, (for any reason), Employee shall not, directly or indirectly, for himself or for or on behalf of any other Person, (a) solicit, induce, attempt to employ, or enter into any contractual arrangement with any present or former employee or independent contractor of the Company, unless such employee, former employee, or independent contractor has not worked for or with the Company for a period in excess of . . . (b) call on or solicit any of the actual or targeted prospective customers of the Company, nor shall Employee disclose or use any information relating in any manner to the Company's trade or business relationships with such customers for Employee's own personal benefit or for the benefit of any other Person, (c) induce or attempt to induce any employee, consultant, independent contractor, or agent of the Company to leave the employ or otherwise cease to perform services for the Company or its Affiliates, or in any way interfere with the relationship between the Company (or any of its Affiliates) and any such employee, consultant, independent contractor, or agent, and/or (d) disparage, criticize, or make any negative or uncomplimentary statements or induce others to disparage, criticize, or make any negative or uncomplimentary statements regarding or with respect to the Company or any of its Affiliates, or otherwise engage in any conduct that is injurious to the Company's reputation or interests or the good morale of employees of the Company.

*Id.* Defendants' Employment Agreements also included exceptions to the non-disparagement provision:

> Notwithstanding anything to the contrary in this Agreement, Employee has the right to: (i) report any good faith allegations of unlawful employment practices to federal, state, or local enforcement agencies, (ii) report any good faith allegations of criminal conduct to appropriate officials, (iii) participate in proceedings with appropriate federal, state, or local enforcement agencies, (iv) make any truthful statements or disclosures required by law, (v) request or receive confidential legal advice, and (vi) testify in an administrative, legislative or judicial proceeding pursuant to court order, subpoena, or written request by the agency.

*Id.* at 15.

In September 2025, Plaintiff terminated both Defendants. *Id.* at 16. In October 2025, Plaintiff sent a letter to both Defendants reminding them of their continuing obligations under the Employment Agreements. *Id.* at 16. In February 2026, Plaintiff initiated this case seeking to enforce the non-solicitation agreement. ECF No. 1.

Defendants raise two counterclaims: (1) the non-disparagement provision violates RCW 49.44.211; and (2) the non-solicitation agreement is a noncompetition agreement in violation of RCW Ch. 49.62. ECF No. 16 at 17-18. Plaintiff moves to dismiss both counterclaims. ECF No. 23.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but before trial. Fed. R.

Civ. P. 12(c). A motion under Rule 12(c) tests the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1063 n.4 (9th Cir. 2011).

The analysis is "substantially identical" to that of a motion to dismiss under Rule 12(b)(6): a court must determine whether, crediting the factual allegations as true, no material fact is in dispute, and the moving party is entitled to judgment as a matter of law. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The principal difference between the two motions is the timing of the filing. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Under both standards, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In other words, the complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679. If a court determines the complaint does not meet the standard set forth under Rule 12(c), a court may grant a motion with leave to amend, but it need not do so if amendment would be futile. *See Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006).

**DISCUSSION**

Plaintiff moves to dismiss Defendants' claims that the non-solicitation agreement and non-disparagement provision contained within their Employment

Agreements violate Washington law. *See* ECF No. 23.

**A. Non-solicitation Agreement**

Plaintiff argues that Defendants fail to allege a violation of RCW 49.62.010 because the agreement at issue is a valid and enforceable non-solicitation agreement. ECF No. 23 at 4. Defendants argue that the agreement is a noncompetition agreement in violation of RCW Ch. 49.62.

Under Washington law, noncompetition agreements are void and unenforceable under certain circumstances. RCW 49.62.020. The statute defines a noncompetition agreement as:

> [E]very written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind. A "noncompetition covenant" also includes an agreement that directly or indirectly prohibits the acceptance or transaction of business with a customer. A "noncompetition covenant" does not include: (a) A nonsolicitation agreement; (b) a confidentiality agreement; (c) a covenant prohibiting use or disclosure of trade secrets or inventions…

RCW 49.62.010(4). The statute defines a non-solicitation agreement as:

> [A]n agreement between an employer and employee that prohibits solicitation by an employee, upon termination of employment: (a) Of any employee of the employer to leave the employer; or (b) of any current customer of the employer to cease or reduce the extent to which it is doing business with the employer.

RCW 49.62.010(5). "Courts have construed 'non-solicitation' of customers narrowly, considering whether the restriction directly or indirectly prohibits the acceptance or transaction of business with a customer." *Albireo Energy LLC v.*

*Aron*, 2026 WL 982771 at *4 (W.D. Wash. Apr. 13, 2026).

Defendants argue that *Albireo Energy LLC* and *Luxor Technology Corp. v. Giga Energy, Inc.*, 2026 WL 523279 at *5 (W.D. Wash. Feb. 25, 2026), both support their argument that the non-solicitation agreement is void and an unenforceable noncompetition agreement. ECF No. 26 at 11-12. In *Albireo Energy LLC*, the court considered an agreement that prohibited employees from "[seeking] to persuade any customer or prospective customer of the Company and its Affiliates to conduct with anyone else any business or activity which such customer or prospective customer conducts with the Company and its Affiliates." 2026 WL 982771 at *4. Similarly, in *Luxor Technology Corp.*, the court considered an agreement that prohibited "performing or providing any Conflicting Services for a Customer or Potential Customer." 2026 WL 523279 at *5. Both courts held that the agreements were noncompetition agreements that restricted the acceptance or transaction of business with a customer. *See Albireo Energy LLC*, 2026 WL 982771 at *4 (finding that the agreement "directly or indirectly [prohibited] the acceptance or transaction of business with a customer" but noting that "provisions restricting solicitation of Plaintiffs' employees, the confidentiality agreements, and the covenants prohibiting use or disclosure of trade secrets, are exempt from the definition of a noncompetition covenant."); *Luxor Technology Corp.*, 2026 WL 523279 at *5 (finding that the agreement blocked Defendant

"from accepting or transacting business with a customer").

Plaintiff's non-solicitation agreement is distinct from and narrower than the agreements in *Albireo Energy LLC* and *Luxor Technology Corp*. Plaintiff's non-solicitation agreement states Defendants must not "solicit, induce, attempt to employ, or enter into any contractual arrangement with any present or former employee or independent contractor of the Company, unless such employee, former employee, or independent contractor has not worked for or with the Company" for a specified period of time. ECF No. 16 at 13-15. Further, the agreement does not prohibit Defendants from accepting or transacting business with a customer or from "engaging in lawful profession, trade, or business of any kind." RCW 49.62.010(4). Rather, the agreement prohibits solicitation of an "employee…to leave the employer or…any current customer of the employer to cease or reduce the extent to which it is doing business with the employer." RCW 49.62.010(5).

Therefore, Plaintiff's non-solicitation agreement is not a noncompetition agreement pursuant to RCW 49.62.010. Accordingly, Defendants have not alleged a violation of RCW Ch. 49.62.

**B. Non-disparagement Provision**

Plaintiff argues that Defendants' claim regarding the non-disparagement provision should be dismissed because the provision complies with Washington

law as it does not prohibit Defendants from disclosing information about illegal conduct. *See* ECF No. 23.

RCW 49.44.211 provides in pertinent part:

> (1) A provision in an agreement by an employer and an employee not to disclose or discuss conduct, or the existence of a settlement involving conduct, that the employee reasonably believed under Washington state, federal, or common law to be illegal discrimination, illegal harassment, illegal retaliation, a wage and hour violation, or sexual assault, or that is recognized as against a clear mandate of public policy, is void and unenforceable.

This statute was enacted with a "strong public policy in favor of the disclosure of illegal discrimination, illegal harassment, illegal retaliation, wage and hour violations, and sexual assault…." *Stonelake v. Meta Platforms, Inc.*, 2025 WL 2443247 at *10 (W.D. Wash. Aug 21, 2025). "An employer violates this provision by 'request[ing] or requir[ing] that an employee enter into any agreement provision that is prohibited by' the Act." *Roberson v. SEIU Healthcare 1199NW*, 2025 WL 2458052 at *6 (W.D. Wash. Aug 25, 2025) (quoting RCW 49.44.211(4)).

Courts have upheld non-disparagement agreements when there is an express carveout for the topics detailed in RCW 49.44.211(1). In *Aulakh v. Crane Worldwide Logistics, LLC.*, the court considered a non-disparagement agreement that prohibited the employee from making disparaging statements. 2025 WL 1827758, at *10 (W.D. Wash. July 2, 2025). The agreement contained a carve out

that allowed the employee to "disclose or discuss sexual misconduct, sexual harassment or sexual assault disputes, or any other unlawful or unsafe Company conduct or practices." *Id.* Similarly, in *Roberson*, the court considered an agreement that prohibited disclosure of information not known to the public regarding the company's "operations, projects, members, suppliers, trade secrets, [and] strategies . . ." 2025 WL 2458052, at *5. The agreement included a carve out that stated "nothing in this Agreement prohibits, prevents, or interferes with Employee's right to communicate, and/or initiate communications, with the EEOC and other federal, state or local agencies with jurisdiction over workplace or employment issues." *Id.*

Both courts found the agreements complied with RCW 49.44.211 because of the carve outs. *Aulakh*, 2025 WL 1827758, at *10 (finding that Defendant's agreement complied with RCW 49.44.211(1)); *Roberson*, 2025 WL 2458052, at *6 (finding that the non-disclosure agreement complied with RCW 49.44.211(1) due to the carve out allowing disclosure of discrimination).

Plaintiff's non-disparagement agreement prohibits disparaging, criticizing, or making negative statements, or inducing any one to do so, about Plaintiff or its affiliates. However, the agreement has a carve out maintaining employees have a right to (1) "report any good faith allegations of unlawful employment practices"; (2) "report any good faith allegations of criminal conduct"; (3) "participate in

proceedings with appropriate federal, state, or local enforcement agencies"; (4) "make any truthful statements or disclosures required by law"; (5) "request or receive confidential legal advice"; and (6) "testify in an administrative, legislative or judicial proceeding pursuant to court order, subpoena, or written request by the agency." ECF No. 27, Exhibit 2. This carve out expressly allows the disclosure of information specified in RCW 49.44.211(1).

Therefore, Defendants have not alleged a violation of RCW 49.44.211.

**C. Leave to Amend**

Defendants request leave to amend. ECF No. 26.

Fed. R. Civ. P. 15(a)(2) provides that a court should freely grant leave to amend the pleadings when justice so requires. "Amendments to pleadings are 'applied with extreme liberality.'" *Key Tronic Corp. v. SkyBell Techs., Inc.*, 2023 WL 8634781, at *1 (E.D. Wash. Dec. 13, 2023) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). A court may deny leave to amend "where the amendment would be futile . . ." *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991).

The Court finds amendment would be futile as it does not appear that Defendants will be able to cure the deficiencies in the counterclaims. Therefore, the Court dismisses Defendants' counterclaims with prejudice.

Accordingly **IT IS ORDERED:**

1. The Motion to Dismiss Counterclaims, **ECF No. 23**, is **GRANTED**.

2. All claims against Plaintiff are **DISMISSED** with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to counsel.

DATED October 28, 2026

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE